UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:20 CR 275 RWS |
| | ) | |
| TAMARA JO NYACHIRA, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government files its sentencing memorandum, and respectfully requests that the Court impose a sentence for defendant Tamara Jo Nyachira that recognizes the seriousness of defendant's crimes, the need for deterrence, and all the other factors in 18 U.S.C. § 3553.

**I.      The Nature, Circumstances, and Seriousness of the Offense**

Defendant Tamara Jo Nyachira ("Nyachira") was a licensed pharmacist who practiced in Farmington and other pharmacies throughout Missouri.  Presentence Report ("PSR"), ¶ 15. Nyachira pled guilty to obtaining prescription opioid drugs that contained controlled substances (Count 3), and further admitted that she forged prescriptions for several prescription anti-infection drugs.  PSR, ¶¶ 16-17, 19.  As explained below, these are serious crimes.

Regarding the diversion of controlled substances, defendant forged 17 prescriptions for opioids, using the name of a pediatrician who treated her children.  As a licensed pharmacist, defendant understood both the need for physician involvement with prescribing drugs as well as the abuse and dependence dangers of opioid drugs.  Other federal crimes are directly implicated by this offense conduct, including identify theft and health care fraud.

1

Turning to the diversion of the anti-infection drugs hydroxychloroquine sulfate (Plaquenil®) and oseltamivir (sometimes marketed as Tamiflu) and amoxicillin clavulanate potassium (Augmentin®) (Counts 1 and 2), defendant diverted and stockpiled these drugs in case she or family needed them because of the COVID-19 outbreak.  PSR, ¶ 20.  As a trained professional, defendant understood that these drugs are often used by very ill patients with serious and chronic conditions like lupus.  Stockpiling these drugs led to drug shortages[1].  The Missouri Board of Pharmacy specifically advised pharmacists to verify that newly issued prescriptions for these drugs were issued for legitimate medical purposes, and noted other states had adopted supply limits to address these drug shortages[2].

Certainly, the PSR was correct when applying the abuse of trust enhancement.  PSR, ¶ 30.  *United States v. King*, 898 F.3d 797, 810 (8th Cir. 2018) (affirming application of abuse of trust enhancement to a doctor because his role as a medical professional significantly facilitated the illegitimate dispensing of drugs).

## II.    History and Characteristics of the Defendant

Defendant has had some pharmacy licensing consequences as a result of the offense conduct in Kansas and Missouri.  PSR, ¶¶ 58-59.  However, the duration of any licensing suspension is hard to predict for any health care professional.  Accordingly, the Court should not place much weight on collateral consequences at sentencing.  *United States v. Musgrave*, 761 F.3d 602, 608-09 (6th Cir. 2014) (loss of accountant's license, fact of felony conviction, and his payment of legal fees not proper factors for sentencing); *United States v. Kuhlman*, 711 F.3d 1321 (11th Cir. 2013) (cautioning against sentencing "discounts" based on account of economic

---

[1] See the *New York Times* article from May 28, 2020, *Coronavirus Continues to Disrupt Prescription Drug Supplies* found at *https://www.nytimes.com/2020/05/28/well/live/coronavirus-lupus-arthritis-prescription-drugs.html*.
[2] See the *Joint Statement from the Missouri State Board of Registration for the Healing Arts and the Missouri Board of Pharmacy*, accessed on October 19, 2020 at https://pr.mo.gov/boards/healingarts/JOINT-STATEMENT-III.pdf

or social status after sentencing of chiropractor who paid restitution and engaged in community service before sentencing); *see generally United States v. Omar*, 567 F.3d 362, 367 (8th Cir. 2009) (finding no sentencing error in health care fraud case after District Court imposed guideline sentence after considering the relevant factors and balancing defendant's health against seriousness of crime).

## III.  Relief Requested.

Wherefore, the Government respectfully requests that the Court sentence defendant Tamara Jo Nyachira with a sentence that recognizes all the factors in 18 U.S.C. 3553, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

   /s/ Andrew J. Lay            _____
Andrew J. Lay
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri  63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for defendant.

/s/ AUSA Andrew J. Lay